IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ALDRIN ESTEBAN-SUCHITE | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| BRIAN MCSHANE, Field Office Director of | : | |
| Enforcement and Removal Operations, | : | |
| Philadelphia Field Office, Immigration and | : | |
| Customs Enforcement, ET AL. | : | NO. 26-257 |

## ORDER

**AND NOW**, this 26th day of January, 2026, upon consideration of Petitioner Aldrin Esteban-Suchite's Petition for Writ of Habeas Corpus (Docket No. 1), and the Government's opposition thereto, **IT IS HEREBY ORDERED** as follows:

1. The Petition for Writ of Habeas Corpus is **GRANTED**.[1]

---

[1] According to the Petition, Aldrin Esteban-Suchite is a citizen of Guatemala. (Pet'n ¶ 16.) He has resided in this country since June of 2018, when he entered the country without inspection, and he currently lives in Philadelphia. (Id. ¶¶ 44, 50.) He has no criminal history and has become a valued member of his community. (Id. ¶¶ 45, 48.) On January 10, 2026, he was arrested outside of a Home Depot store during an unannounced raid by Immigration and Customs Enforcement. (Id. ¶¶ 16, 45.) He is currently being detained at the Federal Detention Center in Philadelphia without the opportunity for a bond hearing. (Id. ¶¶ 46, 49.)

In his Petition, Esteban-Suchite challenges the lawfulness of his detention on statutory grounds and as a matter of due process. The Government opposes the Petition. It argues, just as it has argued in a whole host of similar cases in this District, that we should deny the Petition because (1) we lack jurisdiction, (2) Esteban-Suchite is lawfully detained pursuant to 8 U.S.C. § 1225(b)(2), and (3) his detention does not violate due process. Significantly, the Government acknowledges that "all decisions in this district (more than 100 to date)—have rejected [its] position." (Gov't Opp'n at 1-2 & n.1 (citing cases).) It nevertheless repeats its same arguments here "to preserve them for appeal." (Id. at 2.) We have already analyzed the central issues in this case in our Memorandum Opinion in Hurtado v. Jamison, Civ. A. No. 25-6717, 2025 WL 3678432 (E.D. Pa. Dec. 18, 2025). We ultimately concluded in Hurtado that it is unlawful to subject noncitizens who have been residing in this country without incident to mandatory detention under § 1225(b)(2). 2025 WL 3678432, at *5-6. We will not repeat our Hurtado analysis here. Instead, relying on it and the plethora of other comprehensive and well-reasoned opinions in this District that have rejected the Government's arguments, see, e.g., Kashranov. v. Jamison, Civ. A. No. 25-5555, 2025 WL 3188399 (E.D. Pa. Nov. 14, 2025); Ndiaye v. Jamison, Civ. A. No. 25-6007, 2025 WL 3229307 (E.D. Pa. Nov. 19, 2025); Ibarra v. Warden of Fed. Det. Ctr. Phila., Civ.

2. Petitioner is not subject to mandatory detention under 8 U.S.C. § 1225(b)(2)(A), and is instead subject to detention, if at all, pursuant to the provisions of 8 U.S.C. § 1226.

3. The Government shall immediately **RELEASE** Esteban-Suchite from custody.

4. The Government shall certify compliance with Paragraph 3 of this Order by filing, no later than noon on Wednesday, January 28, 2026, a certification of Esteban-Suchite's custody status.

5. If the Government chooses to pursue re-detention of Esteban-Suchite pursuant to § 1226(a), it must afford him a bond hearing before a neutral immigration judge as that provision requires.

BY THE COURT:

/s/ John R. Padova, J.

_____

John R. Padova, J.

---

A. No. 25-6312, 2025 WL 3294726 (E.D. Pa. Nov. 25, 2025), we grant Esteban-Suchite's Petition.